Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| OLIVA FERNÁNDEZ SUÁREZ Y OTROS<br><br>Recurridos<br><br>v.<br><br>SUCN. DE EMILIO RÍOS DÁVILA<br><br>Peticionarios | KLCE202401302 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Sobre: Sentencia Declaratoria<br><br>Caso Núm. N3CI201600268 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de enero de 2025.

La parte peticionaria, Sucesión de Emilio Ríos Dávila, compuesta por Georyanne Ríos Álvarez, Waldemar C. Ríos Álvarez y Charles Ríos Álvarez, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de Fajardo, el 20 de octubre de 2020, enmendada el 3 de marzo de 2021, y notificada el 10 de marzo de 2021. Mediante la misma, el foro primario declaró, parcialmente, *Ha Lugar* una solicitud de descalificación de representante legal promovida por la parte peticionaria, ello dentro de una acción civil sobre sentencia declaratoria incoada por las aquí recurridas, Oliva Fernández Suárez y Nationwide Services Corp.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *certiorari* solicitado.

### I

La parte peticionaria recurre de una *Resolución Enmendada Nunc Pro Tunc* notificada a las partes de epígrafe el 10 de marzo de 2021. Mediante la misma, el tribunal primario dispuso de una

*Urgente Solicitud de Descalificación de la Representación Legal de la Parte Demandante,* en virtud de la cual la Sucesión compareciente alegó que la abogada de las recurridas incurrió en una representación legal dual, que implicaba un claro conflicto de intereses. Tras entender sobre los méritos de la solicitud, el Tribunal de Primera Instancia concluyó que, si bien, la licenciada Cindy Marie Cruz Rivera, presentó la causa de acción de epígrafe a nombre de ambas recurridas, las siguientes comparecencias las efectuó solo a nombre de la recurrida Fernández Suárez, tenedora de la mitad de las acciones de la recurrida Nationwide Services Corp. Añadió que, en cuanto a la solicitud de sentencia declaratoria, solo se peticionó que se declarara quiénes figuraban como accionistas de la Corporación, hecho que establecía que la entidad no contaba con una Junta de Directores. El tribunal primario dispuso que, aunque este último asunto evocaba un potencial conflicto de intereses, al momento de presentarse la moción descalificatoria, no había transcurrido un tiempo extenso desde iniciado el pleito, ni existía una Junta en la corporación recurrida cuya información confidencial hubiese sido compartida. De este modo, en consideración a las circunstancias hasta entonces acontecidas, y de manera preventiva, ordenó la descalificación parcial de la licenciada Cruz Rivera como representante legal de la recurrida Nationwide Services Corp. Por consiguiente, permitió que continuara ejerciendo como abogada de la recurrida Fernández Suárez.

En desacuerdo con lo resuelto, el 25 de marzo de 2021, la parte peticionaria presentó una *Solicitud de Reconsideración Parcial de Resolución Enmendada Nunc Pro Tunc, Solicitud de Enmiendas, Determinaciones Adicionales de Hechos y Conclusiones de Derecho.* Tras entender sobre la misma, el foro primario reiteró su postura. Consecuentemente, denegó la reconsideración solicitada mediante *Resolución* notificada el 4 de noviembre de 2024.

Inconforme, el 2 de diciembre de 2024, la parte peticionaria presentó el recurso de *certiorari* que nos ocupa. En el mismo formula los siguientes señalamientos:

> Erró el Tribunal de Primera Instancia al no descalificar a la licenciada Cindy Marie Cruz Rivera de representar ambos demandantes existiendo serios conflictos de intereses que lo requieren.

> Erró el Tribunal de Primera Instancia y abusó de su discreción al basar su determinación de no descalificar completamente a la licenciada Cindy Marie Cruz Rivera en una interpretación patentemente errónea del derecho, en determinaciones de hechos no respaldadas por la prueba del expediente y al no considerar, sin justificación, la evidencia admitida de los conflictos que requieren la descalificación sin justificación alguna. (sic).

Luego de examinar el expediente que nos ocupa, procedemos a expresarnos.

## II

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo*

*v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho

aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

Amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado. Nada en los documentos que nos ocupan, revela que, en el ejercicio de sus facultades adjudicativas, el Tribunal de Primera Instancia haya incurrido en error de derecho o abuso de discreción al disponer de la controversia entre las partes.

La determinación que respecto a la descalificación de un abogado efectúa el Tribunal de Primera Instancia, es una altamente discrecional. Dicha tarea no solo resguarda la sana ejecución de la profesión legal, sino que también se relaciona al adecuado curso de los procedimientos que se persiguen en nuestro estado de derecho. En el caso de autos, el tribunal primario fue enfático al establecer que su determinación obedeció a la etapa temprana de los procedimientos en la que se encuentra el caso, las circunstancias particulares acontecidas, y al hecho de que no se compartió información confidencial alguna con relación al vínculo entre ambas recurridas. A base de ello, y en lo que constituye una actuación ciertamente prudente, dispuso que el más sano proceder resultaba ser la descalificación parcial de la licenciada Cruz Rivera como representante legal de la recurrida Nationwide Services Corp. Siendo así, en ausencia de prueba alguna que nos lleve a concluir que el foro primario fue arbitrario o incurrió en abuso de discreción, estamos llamados a no sustituir su determinación por nuestro

criterio revisor. De este modo, dado a que nada en el expediente que nos ocupa sugiere una actuación errónea por parte del Tribunal de Primera Instancia al emitir el pronunciamiento en controversia, resolvemos no expedir el recurso que nos ocupa.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones